**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1069

UNITED STATES,

Appellee,

v.

HÉCTOR LUIS MÁRQUEZ-FIGUEROA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U. S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Selya, Circuit Judges.

Carlos Gabriel Santiago-Morales on Anders brief.
Héctor Luis Márquez-Figueroa on brief pro se.

July 6, 2006

**Per Curiam**. Defendant's counsel has submitted a brief under Anders v. California, 386 U.S. 738 (1967), which we construe as a motion to withdraw. Defendant has filed a pro se supplemental brief. After careful review of the record and these submissions, we conclude that the appeal presents no non-frivolous issues. We, therefore, grant the motion to withdraw. We comment briefly on the issues raised in defendant's pro se brief.

Two of the issues were also raised by co-defendant Rafael Pagán Santini and were fully disposed of in that appeal. First, defendant claims, as did Pagán, that the government violated his due process rights when it obtained his conviction by knowingly eliciting false testimony from Yamil Kourí Pérez regarding his jailing in Cuba. We held, "There is no indication on the present facts that the government's eliciting of the political prisoner story involved the knowing use of false testimony." United States v. Pagán-Santini, No. 03-2574, slip op. at 12 (1st Cir. June 14, 2006). That determination dooms defendant's claim. We also find, as we did in Pagán, that there is no reasonable likelihood the allegedly false testimony affected the outcome. As we noted in Pagán, the cause of Kourí's jailing in Cuba "was only marginally relevant to his credibility," and there was other testimony supporting defendant's conviction. Second, defendant claims, as did Pagán, that the trial court abused its discretion by failing to give their requested "missing witness" instruction with respect to

-2-

Dr. Gloria Ornelas.  We held there was no abuse of discretion.  Id. at 17.  And, as with Pagán, there is no indication that defendant even attempted to call Ornelas to testify, further undermining the requested instruction.  Id.

Defendant also argues his indictment was invalid because it was obtained by the use of testimony known by the prosecution to be false.  He acknowledges that the government "has no obligation to present exculpatory evidence" to the grand jury, but argues that the government "provided half-truths as well as outright false testimony" to the grand jury because it did not present testimony by other witnesses "which contradicted significant portions of the testimony of the government's key witness, Dr. Yamil Kouri."  The fact that witnesses contradicted each other in certain respects does not indicate that the prosecution knowingly presented false testimony to the grand jury.  United States v. Casas, 425 F.3d 23, 38 (1st Cir. 2005).  Moreover, "[a]n indictment returned by a legally constituted and unbiased grand jury is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."  Id. (citations and internal quotation marks omitted).

Defendant next challenges the validity of his conviction by arguing that the government "watched in silence" while Dr. Roberto Unda Gomez committed perjury.  Defendant does not identify the alleged perjury.  Presumably he is referring to Unda's admission

-3-

that he accepted and spent a $5,000 cash bribe from Kourí, even though Unda lied about the cash while testifying as a government witness at Kourí's trial. To the extent defendant is arguing that the prosecution should have indicted Unda for perjury, the trial court corrected ruled that it is an issue for the prosecution to decide. United States v. Nixon, 418 U.S. 683, 693 (1974) (noting that "Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"). And to the extent defendant is arguing that the prosecution allowed the presentation of false testimony, his contention is belied by the record.

Defendant also argues that the government allowed Kourí to testify falsely on certain matters. He states that (1) Kourí testified that defendant prepared the phony backdated contracts, while other witnesses testified otherwise, and (2) Kourí testified that defendant prepared questions and answers for Héctor Ramírez Lugo and helped him prepare for his testimony, while Ramírez testified that Kourí wrote the questions and coached him. Even taking defendant's characterization of the trial testimony as true, the government is not prohibited from calling witnesses who present conflicting stories. Casas, 425 F.3d at 45. "[S]uch conflicts are a matter to be explored on cross-examination ... and the credibility of each account is for the jury to determine." Id. Defendant's counsel explored these inconsistencies at trial, and it

appears defendant was aided, rather than prejudiced, by the conflicting testimony. He was acquitted of the substantive offenses of (1) making false declarations to the grand jury by denying that he prepared the phony backdated contracts, and (2) suborning Ramírez to commit perjury, thus demonstrating that the contradictory testimony likely undermined Kourí's credibility on these points.

Defendant next argues that his conspiracy conviction must be vacated because it is inconsistent with his acquittal of the substantive charges underlying the conspiracy. He contends that the conspiracy and substantive counts "are so interwoven with each other, as to establish one common set of facts applicable to all counts." (Emphasis omitted.) This claim was properly rejected by the trial court in denying defendant's motion to vacate the verdict. As the lower court noted, in a single, multi-count trial, acquittal on one count does not preclude conviction on another court based upon the same evidence, as long as that evidence is legally sufficient to support a finding of guilt on the count of conviction. See United States v. Powell, 469 U.S. 57, 66 (1984). There was ample evidence here to sustain the conspiracy conviction. Moreover, as the court noted, the jury's verdict is not logically inconsistent because the offense elements are different. A reasonable jury could have found defendant guilty of willfully participating in the conspiracy without finding that defendant

-5-

committed any of the overt acts himself.

Defendant's final argument is that the court erred in determining the facts underlying the enhancement to his sentence. "This argument is defeated by Booker, which permits enhancements based on judge-found facts with advisory guidelines." United States v. Lata, 415 F.3d 107, 110 (1st Cir. 2005) (citations omitted).

Accordingly, the judgment of the district court is affirmed.

Defendant's second motion for the appointment of new counsel is denied as moot.